JESSE A. CRIPPS, SBN 222285
   jcripps@gibsondunn.com
ANGELA REID, SBN 323057
   areid@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendant SOMALOGIC, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE DO, an individual,<br><br>          Plaintiff,<br><br>   v.<br><br>SOMALOGIC, INC., a corporation, and DOES 1 through 10, inclusive,<br><br>          Defendants. | CASE NO.<br><br>**DECLARATION OF RUBEN GUTIERREZ IN SUPPORT OF SOMALOGIC, INC.'S NOTICE OF REMOVAL**<br><br>(Removal from the Superior Court of California for the County of Los Angeles, Case No. 21STCV43826) |

I, Ruben Gutierrez, declare as follows:

1. I am over the age of 18, and am competent to attest to the facts set forth herein. Unless otherwise stated, the following facts are within my personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. I am currently the General Counsel of SomaLogic, Inc. ("SomaLogic").

3. SomaLogic is a corporation organized under the laws of Delaware with its principal place of business and registered office located in Boulder, Colorado.

4. Any meetings held by SomaLogic, to the extent they occur, either occur at its registered office or are directed from Boulder, Colorado.

5. Prior to filing the instant action, Plaintiff sent a demand letter dated August 10, 2021 to SomaLogic alleging that SomaLogic owed Plaintiff "substantial damages and penalties" for his claims ("Demand Letter"). Attached hereto as **Exhibit 1** is a true and correct copy of the Demand Letter Plaintiff sent SomaLogic.

6. In connection with providing services to SomaLogic, Plaintiff provided SomaLogic with a personal address in Alhambra, California.

I declare under penalty of perjury pursuant to the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed at San Diego, CA on this 4th day of January 2022.

_____
Ruben Gutierrez

# EXHIBIT 1

**YU | MOHANDESI** LLP

B. Ben Mohandesi, Esq.
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
T. 213.377.5505 | F. 213.377.5501
bmohandesi@yumollp.com

August 10, 2021

**VIA FEDERAL EXPRESS AND EMAIL**

Melody Harris
President/Chief Operating Officer
SomaLogic, Inc.
2945 Wilderness Pl.
Boulder, CO 80301
mharris@somalogic.com

      RE:    George Do v. SomaLogic, Inc. – Demand for Unpaid Wages, Penalties, and Damages; Settlement Offer Pursuant to Evidence Code §§1152 and 1154, and Civil Code §47

Dear Ms. Harris:

      My office represents George Do, a former employee of SomaLogic, Inc. Mr. Do was an employee for the North American sales team working out of California. He was terminated on February 19, 2021. Upon his termination, he was not provided all wages earned in the final paycheck. More specifically, SomaLogic failed to pay earned commissions and bonuses totaling over $20,000, at minimum. The amount may be substantially higher based on records that are in your possession. As a result of this failure to pay all wages earned upon termination, SomaLogic has violated the California Labor Code (among other things), as detailed below.

      In addition, Mr. Do was terminated in retaliation for making a complaint to Human Resources about his working conditions, including his unpaid earned commissions. On December 14, 2020, Mr. Do reported to Jody Lehnert that he was being subjected to a bullying work environment violating SomaLogic's Employee Handbook, including being intimidated by his supervisor (Evan King) to forfeit his Q3 2020 earned commission (approximately $8,000). Ms. Lehnert acknowledged and commented that certain members of management can be "immature" and require "additional training." Mr. King increased his hostility towards Mr. Do into the new year even after realignment into separate management structures. As a result, on January 26, 2021, Mr. Do made a second complaint to Ms. Lehnert that Mr. King continued and increased his hostile and retaliatory behavior. During this second meeting, Ms. Lehnert informed Mr. Do that she had reported the December 14 discussion to her superior, Traci Bowen – the Interim VP of Human Resources.

      Rather than investigate Mr. King's conduct and the failure to pay Mr. Do's earned commission, SomaLogic terminated Mr. Do on February 19, 2021, less than a month after he made his second complaint to Human Resources. His final paycheck not only omitted the earned commission from Q3 2020 (approximately $8,000), but also failed to include earned commission from Q1 2021.

There is no dispute that SomaLogic failed to pay all wages earned. In April 2020, two months after his termination, Mr. Do was presented with a Confidential Separation Agreement and General Release from SomaLogic wherein SomaLogic sought to pay a grossly understated commission but only in exchange for Mr. Do releasing all claims against SomaLogic. The Agreement offered to Mr. Do provides: "As consideration for this Confidential Separation Agreement and General Release, The Company agrees to pay Former Employee his Q1 2021 commission payout in the amount of $838.00 ("Commission Payout")." In other words, SomaLogic admitted earned commissions were owed, but sought to pay a fraction of the amount earned and owed, but only in exchange for a release of all claims. This attempt to deprive Mr. Do of his earned wages and then coerce him into waiving his claims using his earned wages as consideration is particularly repugnant.

Given the incomplete data available, the Q1 2021 earned commission is calculated to at least $12,098. The backlog data used for this calculation is in Table 1 below.

## Table 1
## Q1 2021 Backlog

| Account Name | Opportunity Name | Sample Count | Revenue |
|---|---|---|---|
| University of Arizona | Uaz-Guerra-COVID | 85 | $ 42,500 |
| University of Washington | UWashington-Wurfel-COV19-Gates-EDTA plasma- 1 of 3 | 200 | $ 80,000 |
| University of Washington | UWashington-Wurfel-COV19-Gates-urine- 2 of 3 | 120 | $ 48,000 |
| University of Washington | UWashington-Wurfel-COV19-Gates-Endothelial Aspirate- 3 of 3 | 40 | $ 16,000 |
| Alkahest, Inc. | ALK-Szoke-16-citrate plasma | 595 | $ 297,500 |
| University of Washington | U. Washington-West-Thai Sepsis | 312 | $ 202,800 |
| University of Colorado - Anschutz (Regents of) | RUOC Anschutz-Espinosa-C-19 - 2 of 2 | 17 | $ 6,800 |
| Total | | 1369 | $ 693,600*<br><br>*This is the total backlog sales calculated from Nov-Dec 2020 data. Nov 2020 to Jan 2021 sales data is requested to accurately calculate commission. |

Page 3 of 5

Table 2 below explains the Q1 2021 earned commission calculation using SomaLogic's formula and Table 1 data.

**Table 2**
**Q1 2020 Earned Commission Calculation**

| | |
|---|---|
| This is the Q3 2020 target that SomaLogic used to calculate the $838 commission payment from "Confidential Separation Agreement and General Release" provided by SomaLogic to Mr. Do. | $ 1,250,000 |
| Percent to plan calculated based on Table 1 data. | 55.49% |
| This is the payment if at 100% to plan. | $ 20,000 |
| 55.49% of $20k commission owed to Mr. Do. | $ 11,098 |
| Additional $1,000 bonus. 2.2.1 1001-3000 SDA samples from Q3/Q4 2020 comp plan. | $ 1,000 |
| **This is the Q1 2021 commission and bonus earned and owed based on available sales data.** | **$ 12,098** |

In other words, Mr. Do is owed at least **$20,098.00** in earned and unpaid commissions from Q3 2020 and Q1 2021 (**$8,000** from Q3 2020 and **$12,098** from Q1 2021). As you know, California Labor Code Section 203, in conjunction with sections 201 and 202, provides a penalty for the willful failure to pay all wages due to an employee who is discharged or quits. Mr. Do was terminated on February 19, 2021. The penalty owed to him consists of wages at his daily rate of pay, until the unpaid wages are paid, in an amount not to exceed the equivalent of 30 days' pay. Based on the information available, Mr. Do's daily rate is $846.15. Accordingly, SomaLogic owes Mr. Do $**25,384.50** representing the penalty for the failure to pay all wages due at the time of termination, and **$20,098.00** in earned and unpaid commissions from Q3 2020 and Q1 2021.

In addition, an employer who terminates its employee in retaliation for requesting payment of wages due or in order to avoid paying wages due violates public policy and thus may be subject to a wrongful termination claim. *See* Lab. Code, § 98.6, subd. (a) (employers may not terminate or retaliate against employees for complaining they are owed unpaid wages). "In addition to other remedies available, an employer who violates this section is liable for a civil penalty not exceeding ten thousand dollars **($10,000.00**) per employee for each violation of this section, to be awarded to the employee or employees who suffered the violation." Cal. Lab. Code § 98.6 (emphasis added). SomaLogic wrongfully terminated Mr. Do for complaining about his unpaid commissions and Mr. King's hostile and retaliatory behavior.

Mr. Do has also suffered actual damages from the wrongful termination. Although he mitigated his damages and was able to obtain new employment, he lost income for three months (approximately $**55,000**) and his new compensation is less than his compensation from SomaLogic. Mr. Do has also suffered significant emotional distress stemming from his employment and wrongful termination (during the COVID-19 pandemic).

It is evident that Mr. Do is owed substantial damages and penalties, and his claims entitle him to seek attorneys' fees and costs incurred. These preliminary estimated damages and penalties (not including emotional distress damages) include, but are not limited to, the itemized figures in Table 3 below.

**Table 3**
**Itemized Damages and Penalties**

| | | |
|---|---|---|
| 1 | $8,000.00 | Q3 2020 Commission and bonus |
| 2 | $12,098.00 | Q1 2021 Commission and bonus |
| 3 | $25,384.50 | Daily Rate Penalty: L.C. Section 203 |
| 4 | $10,000.00 | Labor Code Civil Penalty: L.C. Section 98.6 |
| 5 | $55,000.00 | Lost Wages (not including future wages) |
| 6 | $110,482.50 | Total Damages |

In a good faith effort to give SomaLogic an opportunity to remedy and resolve this matter, Mr. Do is willing to accept a substantially discounted amount of **$90,000** as full resolution of all claims. <u>I look forward to hearing from you no later than August 25, 2021</u>. If I do not hear back from you, we will explore all available legal remedies. Nothing contained herein is intended as a waiver of my client's rights and remedies, all of which are specifically reserved.

In the interim, pursuant to the Labor Code, we request the information noted below. In addition, please preserve all documents (including electronic communications and documents) related to Mr. Do's employment and termination. I will accept all requested information via email.

**A.     Cal. Labor Code Section 226: Requirement to Provide All Wage and Hour Documents**

Cal. Labor Code section 226(c) states an employer must provide all wage and hour information to former employees within 21 days of the request. The records include:

An accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission ... (4) all deductions, provided that all deductions made on written order of the employee may be aggregated and shown as one item, (5)

net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number... (Cal. Labor Code section 226(a)).

Pursuant to Cal. Labor Code section 226, we demand all documents and information regarding Mr. Do's gross wages, pay records, records of all types of deductions, pay rates, etc. "Information" is a broadly construed term, which includes all papers, videotapes, contracts, correspondence, letters, emails, telephone messages, telephone statements or bills, notices, notes of conversations, memoranda, reports, diaries, minutes, recitals, statements, worksheets, abstracts, resumes, jottings, books, journals, ledgers, audits, maps, charts, diagrams, drafts, research documents, newspapers, appointment books, desk calendars, expense reports, ESI, or any other writing as defined by Cal. Evidence Code section 250.

Access to these documents must be granted no later than twenty-one (21) calendar days from the date of this request. Failure to provide such records within the twenty-one day period will result in monetary penalties payable to our client as well as all costs and attorney fees expended to ensure compliance.

**B.     Labor Code Section 432: Requirements to Provide All Documents Signed by the Employee**

Under Cal. Labor Code section 432, an employee who signs any instrument relating to the obtaining or holding of employment shall be given a copy of the instrument upon request. Accordingly, we demand that you provide copies of all documents signed by Mr. Do relating to his employment. This includes, among other things, any information signed in his personnel file or otherwise, such as employment contracts, handbook receipt acknowledgements, performance improvement plans, vacation requests, performance reviews, expense reimbursement requests, arbitration agreements, etc.

**C.     Cal. Labor Code Section 1198.5: Requirement to Provide a Copy of All Personnel Records**

Cal. Labor Code section 1198.5 requires employers to provide "a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee" within 30 days of the written request or be subject to penalties. Cal. Labor Code section 1198.5(1) further provides Mr. Do the right to bring an action for injunctive relief to ensure compliance with the section.

Accordingly, we request a copy of Mr. Do's entire personnel records. This includes, but is not limited to, any and all applications for employment, payroll authorization forms, bonus and calculations, notices of commendation, warnings, disciplines, notices of layoff, leave of absence, and vacation, education and training notices and records, performance appraisals/reviews, and attendance records.

Page 6 of 5

This request may include documents that are outside any specific, incomplete folder labeled "personnel file."

                Sincerely,

                */s/ Ben Mohandesi*

                Ben Mohandesi

Authorization to Release Records

    I, George Do, authorize SomaLogic to release all requested employment records to my counsel, Yu Mohandesi LLP.

Dated: August 9, 2021                              _____
                                                        George Do

cc:  George Do